**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| J. KATE STICKLES<br>JUDGE |  | 824 NORTH MARKET STREET<br>WILMINGTON, DELAWARE<br>302-252-3820 |

July 18, 2025

**VIA CM/ECF**

| | |
|---|---|
| David R. Hurst, Esquire<br>McDermott Will & Emery LLP<br>1000 N. West Street, Suite 1400<br>Wilmington, DE 19801 | William E. Chipman Jr., Esquire<br>Chipman Brown Cicero & Cole, LLP<br>1313 North Market Street, Suite 5400<br>Wilmington, DE 19801 |
| Darren Azman, Esquire<br>McDermott Will & Emery LLP<br>One Vanderbilt Avenue<br>New York, NY 10017 | Joseph D. Frank, Esquire<br>Burke, Warren, MacKay & Serritella, P.C.<br>300 North Wabash Avenue, Suite 2100<br>Chicago IL 60611 |

    Re:    *PCT Litigation Trust v. Oval Labs, Inc. and Oval Finance, LLC*
                Case No. 23-11161 (JKS); Adv. Pro. No. 25-50438 (JKS)
                Letter Ruling on Motion of Oval Labs Inc. and Oval Finance, LLC
                to Dismiss PCT Litigation Trust's Complaint Pursuant to Fed. R. Civ. P.
                12(b)(5) and (6) and Fed. R. Civ. P. 7012(b) [Adv. D.I. 7][1]

Dear Counsel:

        Defendants, the Oval Entities, request that this Court dismiss the complaint filed by the Plaintiff pursuant to Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, for (i) failure to serve the entire, unredacted complaint upon the Oval

---

[1] D.I. references the docket in the main case, *In re Prime Core Technologies Inc.*, No. 23-11161. Adv. D.I. references the docket in the adversary proceeding, *PCT Litigation Trust v. Oval Labs, Inc. and Oval Finance, LLC*, Adv. Pro. No. 23-11161.

*PCT Litigation Trust v. Oval Labs, Inc. et al.,* Adv. Pro. No. 25-50438 (JKS)
July 18, 2025
Page 2

Entities, and (ii) failure to state a claim upon which relief can be granted (the "Motion").[2] Having reviewed the pleadings[3] and considered the arguments of the parties,[4] and for the reasons set forth below, the Court agrees that Plaintiff has failed to effect proper service on the Defendants. The Court will deny the Defendants' Rule 12(b)(5) motion to the extent it seeks dismissal of the Plaintiff's claims; and instead, shall afford the Plaintiff fourteen (14) days to effect proper service on Defendants by serving the unredacted complaint on the Defendants and filing the complaint under seal pursuant to the Local Rules. The Defendant's Rule 12(b)(6) motion will be held in abeyance pending a status conference to be scheduled.

Rule 12(b)(5) of the Federal Rules of Civil Procedure, applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, states a party may assert insufficient service of process as a defense to a claim for relief. "In resolving a motion under Rule 12(b)(5), the party making service has the burden of demonstrating its validity when an objection to service is made."[5]

Defendants argue the Plaintiff has failed to satisfy the requirements of Rule 4(c) by failing to serve the Defendants with a complete, unredacted copy of the complaint.[6] In filing and serving the redacted complaint, the Plaintiff relies on a Stipulated Protective Order entered by the Court in the main bankruptcy case.[7]

The *Certification of Counsel Regarding Stipulation for Protective Order* represents that the Debtors and the Official Committee of Unsecured Creditors "conferred and agreed to the

---

[2] Adv. D.I. 7 (Motion of Defendants Oval Labs, Inc. and Oval Finance, LLC to Dismiss the PCT Litigation Trust's Complaint pursuant to Fed. R. Civ. P. 12(b)(5) and (6) and Fed. R. Bankr. P. 7012(b)) and 8 (Memorandum of Law of Defendants Oval Labs, Inc. and Oval Finance, LLC In Support of Their Motion to Dismiss the PCT Litigation Trust's Complaint Pursuant to Fed. R. Civ. P. 12(b)(5) and (6) and Fed. R. Bankr. P. 7012(b)).

[3] Adv. D.I. 27 (Notice of Completion of Briefing Regarding the Motion of Defendants Oval Labs, Inc. and Oval Finance, LLC to Dismiss the PCT Litigation Trust's Complaint pursuant to Fed. R. Civ. P. 12(b)(5) and (6) and Fed. R. Bankr. P. 7012(b)) sets forth the pleadings relevant to the issues before the Court.

[4] Adv. D.I. 7. Defendants filed a Request for Oral Argument on May 13, 2025, the day prior to the Pretrial Conference (Adv. D.I. 22). During the Pretrial Conference on May 14, 2025, counsel argued the Motion. The Court finds the facts and legal arguments were adequately presented in the briefs and at the Pretrial Conference with respect to the Rule 12(b)(5) issue, and that the decisional process with respect to this issue would not be significantly aided by additional oral argument. This finding is without prejudice to any future request for oral argument on a Motion under Rule 12(b)(6).

[5] *Pelham v. Vbit Techs. Corp.*, No. 23-162-JLH-SRF, 2025 U.S. Dist. LEXIS 59214, at *8 (D. Del. Mar. 28, 2025) (citing *Grand Entm't Grp., Ltd v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)).

[6] According to the Defendants, after they questioned the sufficiency of serving a redacted complaint and the necessity of including the information set forth in the redacted paragraphs, the Plaintiff sent the Oval Entities, but did not file, a "de-designated" version of the Complaint that had removed some, but not all, of the prior redactions to the body of the Complaint and certain of its exhibits.

[7] D.I. 323.

*PCT Litigation Trust v. Oval Labs, Inc. et al.,* Adv. Pro. No. 25-50438 (JKS)
July 18, 2025
Page 3

form of the Protective Order to govern the exchange and protection of confidential information in connection with these Chapter 11 Cases."[8]  The Protective Order states: "This stipulation (the "Stipulation" or "Protective Order") is entered into by and between: (a) Prime Core Technologies Inc. and its debtor affiliates (collectively, the "Debtors"); (b) the Official Committee of Unsecured Creditors (the "Creditors' Committee"); and (c) any other persons or entities who become bound by this Protective Order by signifying their assent through execution of Exhibit A hereto (the "Acknowledgement")."[9]  The Defendants were not a party to the negotiation of the Protective Order, did not sign the Acknowledgement, nor agree to any protective order.

The redactions in the filed complaint, which seeks to avoid and recover 78 fiat currency transfers totaling $26,644,776 and five cryptocurrency transfers allegedly made to the Oval Entities by the Debtors during the 90 days prior to the Debtors' bankruptcy filing, are significant.  The complaint redacts the names of certain declarants who testified to facts that make up the basis of the claims against the Defendants.  Entire sections of questions and answers from depositions are redacted.  Alleged correspondence is also redacted.  The Court finds the redaction of facts, including the identity of the declarants of such facts, in a complaint fundamentally unfair, and if permitted, would have the effect of preventing the Defendants from knowing fully the claims being made against them.  Simply stated, it is unfairly prejudicial for a defendant to defend itself against claims without knowing the full contents of the complaint.  Not only is it prejudicial, but the redaction of the names of the declarants will cause needless expense and delay, with the burden shifting to the Defendants to serve discovery requests on every possible declarant in a hunt for who said what.  Under these circumstances, the Court finds service of process was insufficient.

Upon determining that process has not been properly served on a defendant, courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process.[10]  Dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained.[11]  In such instances, the court should, at most, quash service, leaving the plaintiffs free to effect proper service.[12]

Here, the Plaintiff may still succeed in its attempt to serve process on the Defendants.  It can do so by serving the unredacted complaint on the Defendants, filing the complaint under seal (together with a motion to file the complaint under seal in accordance with Del. Bankr. LR.

---

[8]  D.I. 283.

[9]  D.I. 323-1 at 1.

[10]  *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992).

[11]  *Id.*

[12]  *Id.* (citing *Richardson v. Ingram Corp.,* 374 F.2d 502, 503 (3d Cir.), *cert. denied,* 389 U.S. 866 (1967); *Novak v. World Bank,* 703 F.2d 1305, 1310 (D.C. Cir. 1983); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 at 288–92 (1990)).

*PCT Litigation Trust v. Oval Labs, Inc. et al.,* Adv. Pro. No. 25-50438 (JKS)
July 18, 2025
Page 4

9018-1). Such service will allow the Defendants to properly answer the allegations made in the complaint and conduct discovery knowing each of the allegations contained in the complaint, all while protecting personal information since the unredacted complaint need not be publicly available on the Court docket. The Court finds this strikes the proper balance of the Defendant's interests in litigating the complaint and the importance of keeping personal information confidential and out of the public view.

    Based on the foregoing, the Defendants' Rule 12(b)(5) motion is denied to the extent it seeks dismissal of the Plaintiff's claims. The Plaintiff shall have fourteen (14) days to effect proper service on Defendants by repleading its complaint and serving the full, unredacted complaint on the Defendants.

    The Court will hold a status conference on the Motion as it relates to dismissal of claims under Rule 12(b)(6) within 30 days after service of the unredacted complaint.

    The parties should submit an appropriate form of order under certification of counsel, including the scheduling of a status conference on remainder of the Motion.

    Very truly yours,

J. Kate Stickles
United States Bankruptcy Judge